IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FREEDOM COALITION OF DOCTORS FOR CHOICE,<br><br>        Plaintiff,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br><br>        Defendant. | Civil Action No. 2:23-cv-9-Z |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

BACKGROUND ...................................................................................................................................1

LEGAL STANDARDS .........................................................................................................................3

I.      Rule 12(b)(1): Lack of subject-matter jurisdiction ...................................................................3

II.     Rule 12(b)(3): Improper venue ................................................................................................4

ARGUMENT .........................................................................................................................................4

I.      The Court lacks subject-matter jurisdiction .............................................................................4

II.    The Coalition has not alleged facts establishing that venue is proper in this Court. ...................7

CONCLUSION ....................................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Aguirre v. U.S. Nuclear Regul. Comm'n,*
   11 F.4th 719 (9th Cir. 2021)............................................................................................6

*Al-Fayed v. CIA,*
   254 F.3d 300 (D.C. Cir. 2001).........................................................................................5

*Ambraco, Inc. v. Bossclip B.W.,*
   570 F.3d 233 (5th Cir. 2009)...........................................................................................4

*Atkins v. Dep't of Just.,*
   946 F.2d 1563, 1991 WL 185084 (D.C. Cir. 1991).........................................................6

*Caldwell v. Palmetto State Sav. Bank of S.C.,*
   811 F.2d 916 (5th Cir. 1987)...........................................................................................4

*Cell Sci. Sys. Corp. v. La. Health Serv.,*
   804 F. App'x 260 (5th Cir. 2020)....................................................................................3

*Citizens for Resp. & Ethics in Wash. v. FEC,*
   839 F. Supp. 2d 17 (D.D.C. 2011)...................................................................................6

*Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.,*
   538 F. Supp. 3d 124 (D.D.C. 2021).................................................................................6

*Coven v. U.S. Off. of Pers. Mgmt.,*
   No. 07-cv-1831, 2009 WL 3174423 (D. Ariz. Sept. 29, 2009).......................................5

*Cox v. H & R Block, Inc.,*
   No. 3:13-cv-1101, 2013 WL 1826426 (M.D. Penn. Apr. 30, 2013)................................8

*Dierlam v. Trump,*
   977 F.3d 471 (5th Cir. 2020)...........................................................................................6

*Dowie v. Osburn,*
   815 F. Supp. 2d 1051 (S.D. Iowa 2011)..........................................................................8

*Edmonds v. FBI,*
   417 F.3d 1319 (D.C. Cir. 2005).......................................................................................6

*Eidos Display, LLC v. AU Optronics Corp.,*
   No. 6:11-cv-201, 2011 WL 13098296 (E.D. Tex. Dec. 2011)........................................9

*eRoad Ltd. v. PerDiemCo LLC*,
   No. 6:19-cv-26, 2019 WL 10303654 (W.D. Tex. Sept. 19, 2019) ..........................................8, 9

*Gunn v. Minton*,
   568 U.S. 251 (2013) ...............................................................................................................3

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ..............................................................................................................7, 8

*Holmes-Hamilton v. FBI*,
   No. 21-cv-702, 2021 WL 5166376 (D. Md. Nov. 5, 2021) ......................................................7

*Honig v. Students of Cal. Sch. for the Blind*,
   471 U.S. 148 (1985) ................................................................................................................6

*Houser v. Church*,
   271 F. Supp. 3d 197 (D.D.C. 2017) .........................................................................................5

*In re Microsoft Corp.*,
   630 F.3d 1361 (Fed. Cir. 2011) ............................................................................................8, 9

*In re Scott*,
   709 F.2d 717 (D.C. Cir. 1983) .................................................................................................7

*In re Scruggs*,
   392 F.3d 124 (5th Cir. 2004) ...................................................................................................5

*In re Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ............................................................................................8, 9

*Judicial Watch, Inc. v. U.S. Naval Observatory*,
   160 F. Supp. 2d 111 (D.D.C. 2001) .........................................................................................5

*Kile v. Progressive Ins. Corp.*,
   No. 3:12-cv-218, 2012 WL 441173 (M.D. Penn. Feb. 10, 2012) ............................................8

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ................................................................................................................3

*Las Americas Immigr. Advoc. Ctr. v. Trump*,
   475 F. Supp. 3d 1194 (D. Or. 2020) ........................................................................................7

*Lawson v. U.S. Dep't of Just.*,
   527 F. Supp. 3d 894 (N.D. Tex. 2021) ............................................................................3, 4, 7

*Leadership Conf. on C.R. v. Gonzales*,
   404 F. Supp. 2d. 246 (D.D.C. 2005) ........................................................................................6


*Lindenberg v. Arrayit Corp.*,
  No. 13-cv-2515, 2013 WL 5178950 (D.N.J. Sept. 13, 2013) ...................................................8

*Long v. Dep't of Homeland Security*,
  436 F. Supp. 2d 38 (D.D.C. 2006) .........................................................................................6

*McClintock v. Sch. Bd. E. Feliciana Par.*,
  299 F. App'x 363 (5th Cir. 2008) ...........................................................................................4

*Menchaca v. Chrysler Credit Corp.*,
  613 F.2d 507 (5th Cir. 1980) ..................................................................................................3

*Muttitt v. Dep't of State*,
  926 F. Supp. 2d 284 (D.D.C. 2013) ................................................................................1, 5, 6

*One Diamond Electronics, In. v. Yahoo!, Inc.*,
  No. 06-cv-879, 2007 WL 9702701 (W.D. Tex. Feb. 12, 2007) .............................................8

*Patterson v. Rawlings*,
  287 F. Supp. 3d 632 (N.D. Tex. 2018) ...................................................................................3

*RAJMP, Inc. v. United States*,
  No. 18-cv-3045, 2019 WL 2613304 & n.4 (D. Colo. May 9, 2019) ......................................7

*Rare Breed Triggers, LLC v. Garland*,
  --- F. Supp. 3d ---, 2022 WL 17175089 (D.N.D. Nov. 4, 2022) ............................................7

*Reed Elsevier, Inc. v. Muchnick*,
  559 U.S. 154 (2010) ................................................................................................................3

*Riccardi v. U.S. Dep't of Just.*,
  32 F. Supp. 3d 59 (D.D.C. 2014) ............................................................................................5

*Rivero v. Fidelity Invs., Inc.*,
  1 F.4th 340 (5th Cir. 2021) .....................................................................................................3

*Sonix Tech. Co., Ltd v. Vtech Electronics N.A., LLC*,
  No. 6:10-cv-68, 2010 WL 5139502 (E.D. Tex. Dec. 9, 2010) ...............................................9

*Unigard Ins. Co. v. Dep't of Treasury*,
  997 F. Supp. 1339 (S.D. Cal.. 1997) ......................................................................................7

*Uviado, LLC ex rel. Khan v. United States ex rel. IRS*,
  755 F. Supp. 2d 767 (S.D. Tex. 2010) ....................................................................................9

**Statutes**

5 U.S.C. § 552 ..............................................................................................................*passim*

**<u>Rules</u>**

Federal Rule of Civil Procedure 12(b)(1) ................................................................................1, 2, 3, 10

Federal Rule of Civil Procedure 12(b)(3) ........................................................................................2, 4, 10

**INTRODUCTION**

This case involves a Freedom of Information Act ("FOIA") request that Plaintiff Freedom Coalition of Doctors for Choice (or "Coalition") submitted to the Centers for Disease Control and Prevention ("CDC"). The Coalition asserts a single claim for relief: that CDC violated FOIA by improperly denying expedited processing of the Coalition's FOIA request. *See* Compl. for Decl. & Inj. Relief ("Compl.") ¶¶ 42–45, ECF No. 1. But CDC had already finished processing the Coalition's request and had issued its final determination under 5 U.S.C. § 552(a)(6)(A) prior to the commencement of this lawsuit. Because the agency "provided a complete response to the request," FOIA divests this Court of jurisdiction to review the Coalition's expedited-processing claim. *See* 5 U.S.C. § 552(a)(6)(E)(iv). Moreover, because there is no effective relief that this Court can grant the Coalition on its expedited-processing claim that it has not already obtained from the CDC, this case is moot. *See, e.g., Muttitt v. Dep't of State*, 926 F. Supp. 2d 284, 296–97 (D.D.C. 2013). The Court should therefore dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. But if the Court were to determine that it has jurisdiction, it should nonetheless dismiss this case under Federal Rule of Civil Procedure 12(b)(3) for improper venue because the Coalition has failed to allege facts sufficient to establish that venue is proper in this District.

**BACKGROUND**

On January 3, 2023, the Freedom Coalition of Doctors for Choice submitted a FOIA request to the CDC and requested expedited processing under the agency's regulations. *See* DEX1 (App.3). The request sought certain data obtained from "users" and "registrants" of CDC's "v-safe" program, *id.*, a smartphone-based system that uses text messaging and web-based surveys for personalized and confidential health check-ins with enrolled participants to monitor and assess for potential adverse

1

events following a COVID-19 vaccination.[1] Specifically, the Coalition requested all data that CDC obtained between October 1, 2020, and December 31, 2022, "from the free text fields within the v-safe program for COVID-19 vaccines and the registrant code associated with each free text field/entry."[2] *Id.*

The following day, CDC acknowledged receipt of the Coalition's FOIA request but denied the Coalition's request for expedited processing. *Id.* (App.6–7). About a week later, however, CDC sent a letter to the Coalition setting forth the agency's final determination under 5 U.S.C. § 552(a)(6)(A) regarding the Coalition's FOIA request and producing all responsive, non-exempt records. *Id.* (App.9–10). As the letter explains, CDC produced two datasets responsive to the request. *Id.* In one of these, the agency made redactions pursuant to 5 U.S.C. § 552(b)(6), *id.*, which permits an agency to withhold information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." The letter also informed the Coalition that CDC was withholding in full another responsive record that contains personally identifiable information of v-safe participants. *Id.* The letter concluded by outlining the Coalition's administrative appeal rights. *Id.*

On January 13, 2023, a day after CDC issued its final-determination letter, the Coalition commenced this lawsuit. The complaint asserts a single cause of action under FOIA, alleging that the agency improperly denied the Coalition's request for expedited processing. *See* Compl. ¶¶ 42–45. The Coalition has not amended its complaint to challenge any of the agency's withholdings.

---

[1] *See* CDC, *V-safe After Vaccination Health Checker* (updated Nov. 14, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/safety/vsafe.html.

[2] A separate FOIA request seeking the same data is currently the subject of litigation pending in the Western District of Texas. *See Informed Consent Action Network v. CDC*, No. 1:22-cv-481 (W.D. Tex.). The Government intends to move for summary judgment in that case on March 20, 2023. *See id.*, ECF No. 26.

## LEGAL STANDARDS

CDC moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

### I. Rule 12(b)(1): Lack of subject-matter jurisdiction

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As such, a court must presume that an action "lies outside [its] limited jurisdiction, and the burden of establishing the contrary rests upon" the party invoking federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). A court's subject-matter jurisdiction refers to its "statutory or constitutional power to adjudicate the case" before it. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010) (citation omitted). When a court "lacks subject-matter jurisdiction, the court must dismiss the complaint" under Rule 12(b)(1). *Rivero v. Fidelity Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) (citation omitted).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction must be granted when the allegations contained in the complaint fail to establish jurisdiction either "facially" or "factually." *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263 (5th Cir. 2020). A "facial" attack under Rule 12(b)(1) accepts the truth of the plaintiff's well-pleaded allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id.*; *accord Patterson v. Rawlings*, 287 F. Supp. 3d 632, 637 (N.D. Tex. 2018). A "factual" attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings, and the court may review the extrinsic evidence without converting the motion into one for summary judgment. *Cell Sci. Sys. Corp.*, 804 F. App'x at 263; *accord Patterson*, 287 F. Supp. 3d at 637–38. When faced with a factual attack, the "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

3

## II.     Rule 12(b)(3): Improper venue

It is a plaintiff's "threshold obligation to show that the case belongs in the particular district court in which" it has chosen to sue. *Lawson v. U.S. Dep't of Just.*, 527 F. Supp. 3d 894, 896 (N.D. Tex. 2021) (citation omitted). Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint based on improper venue. In reviewing a Rule 12(b)(3) motion, a court must accept as true all well-pleaded facts in the complaint, and may also "look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Lawson*, 527 F. Supp. 3d at 896 (quoting *Ambraco, Inc. v. Bossclip B.W.*, 570 F.3d 233, 238 (5th Cir. 2009)). When a defendant moves to dismiss based on improper venue, the plaintiff has the burden to prove that the chosen venue is proper. *Id.* If a court determines that venue is improper, "it has discretion to either dismiss the suit" or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (quoting 28 U.S.C. § 1406(a)); *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987) ("[A] court has broad discretion in deciding whether to order a transfer" and may do so "upon a motion or sua sponte.").

## ARGUMENT

## I.     The Court lacks subject-matter jurisdiction.

This Court lacks subject-matter jurisdiction for two reasons. *First*, because CDC has provided a complete response to the Coalition's FOIA request, 5 U.S.C. § 552(a)(6)(E)(iv) expressly strips the Court of jurisdiction to review the Coalition's expedited-processing claim. *Second*, this case is moot: the Coalition has no legally cognizable interest in the resolution of its expedited-processing claim, nor is there any remaining relief that the Court can grant on the merits of that claim.

<u>*FOIA divests this Court of jurisdiction.*</u>  A FOIA requestor is generally permitted to seek judicial review of an agency's denial of a request for expedited processing. 5 U.S.C. § 552(a)(6)(E)(iii). FOIA

4

expressly provides, however, that a district court "shall not have jurisdiction to review an agency denial of expedited processing of a request for records after the agency has provided a complete response to the request." *Id.* § 552(a)(6)(E)(iv). An agency provides a "complete response" within the meaning of § 552(a)(6)(E)(iv) when it issues a final determination under § 552(a)(6)(A)—*i.e.*, "a final administrative determination whether to release any records that are responsive" to the request. *Muttitt*, 926 F. Supp. 2d at 296.

The Coalition asserts a single claim for relief, alleging that CDC improperly denied expedited processing of the Coalition's FOIA request. *See* Compl. ¶¶ 42–45. But as explained above, CDC has already finished processing the request and has issued its final determination under § 552(a)(6)(A). *See* DEX1 (App.9–10). Where, as here, an agency has provided a complete response to a FOIA request, courts routinely find that § 552(a)(6)(E)(iv) divests them of jurisdiction to entertain any claim alleging that the agency incorrectly denied expedited processing. *See, e.g., Houser v. Church*, 271 F. Supp. 3d 197, 203–04 (D.D.C. 2017) (dismissing an expedited-processing claim "summarily" because the agency had already "processed the plaintiff's FOIA request"); *Riccardi v. U.S. Dep't of Just.*, 32 F. Supp. 3d 59, 66 (D.D.C. 2014); *Coven v. U.S. Off. of Pers. Mgmt.*, No. 07-cv-1831, 2009 WL 3174423, at *11 (D. Ariz. Sept. 29, 2009) (having "little difficulty finding that it lacks jurisdiction to entertain" an expedited-processing claim, given that the agency had already provided a complete response to the FOIA request); *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001); *see also Al-Fayed v. CIA*, 254 F.3d 300, 302 n.1 (D.C. Cir. 2001) (finding that several agencies that had completed responses to the plaintiffs' FOIA requests were "no longer subject to appeal"). Because it is beyond dispute that CDC has "provided a complete response" to the Coalition's FOIA request, § 552(a)(6)(E)(iv) strips this Court of jurisdiction to review the claim for expedited processing—the only claim alleged in the Coalition's complaint. The Court should therefore dismiss this case for lack of subject-matter jurisdiction.

5

*This case is moot.* Alternatively, the Court should dismiss this case as moot. *See In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004) ("A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." (citation omitted)). By its terms, FOIA requires only that an agency "process as soon as practicable any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii). In other words, "the only relief required with regard to expedited processing is moving an individual's request 'to the front of the agency's processing queue.'" *Muttitt*, 926 F. Supp. 2d at 296 (quoting *Leadership Conf. on C.R. v. Gonzales*, 404 F. Supp. 2d. 246, 259 (D.D.C. 2005)); *accord Long v. Dep't of Homeland Security*, 436 F. Supp. 2d 38, 44 (D.D.C. 2006) ("To compel the agency to provide expedited processing would merely place plaintiffs' request ahead of others that are awaiting responses to their requests."). It follows, therefore, that "the only scenario in which a court can properly grant relief to a FOIA requester 'on the merits' of an expedited processing claim is when an agency has not yet provided a final substantive response to the individual's request for records." *Muttitt*, 926 F. Supp. 2d at 296 (citing *Edmonds v. FBI*, 417 F.3d 1319 (D.C. Cir. 2005)).

Consequently, because CDC has already processed the Coalition's FOIA request and issued its final determination, "the *timeliness* of that determination" has ceased to be "a live controversy fit for judicial review." *See id.*; *accord Citizens for Resp. & Ethics in Wash. v. U.S. Dep't of Just.*, 538 F. Supp. 3d 124, 148–49 (D.D.C. 2021) (finding "nothing further for the Court to adjudicate" regarding an expedited-processing claim after the agency provided a complete response to the FOIA request); *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 728 n.4 (9th Cir. 2021); *Citizens for Resp. & Ethics in Wash. v. FEC*, 839 F. Supp. 2d 17, 24 (D.D.C. 2011); *Atkins v. Dep't of Just.*, 946 F.2d 1563, 1991 WL 185084, at *1 (D.C. Cir. 1991) (per curiam). Nor is there "any effectual relief" that the Court can grant to the Coalition based on its expedited-processing claim that it has not already obtained from the agency. *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) (citation omitted); *accord Honig v. Students*

6

*of Cal. Sch. for the Blind,* 471 U.S. 148, 149 (1985). Accordingly, this case is moot and should be dismissed as such.

## II. The Coalition has not alleged facts establishing that venue is proper in this Court.

If the Court does not dismiss this case for lack of subject-matter jurisdiction, it should dismiss based on improper venue. FOIA contains a special venue provision, 5 U.S.C. § 552(a)(4)(B), that establishes venue only in "the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." *See Lawson,* 527 F. Supp. 3d at 897 ("Venue for FOIA actions is governed by § 552(a)(4)(B) . . . ."); *accord In re Scott,* 709 F.2d 717, 720 (D.C. Cir. 1983); *Holmes-Hamilton v. FBI,* No. 21-cv-702, 2021 WL 5166376, at *4 (D. Md. Nov. 5, 2021); *Unigard Ins. Co. v. Dep't of Treasury,* 997 F. Supp. 1339, 1342 (S.D. Cal.. 1997). Although the Coalition alleges that venue is proper "in this District" under § 552(a)(4)(B), Compl. ¶ 13, it does not allege that its residence, its principal place of business, or any records responsive to its FOIA request are located in this District. Rather, the only connection to this District that the Coalition alleges is (i) that its so-called "headquarters" are located at "600 S Tyler St, Suite 2100 #177, Amarillo, TX 7910"; and (ii) that "three board members" work in the medical field in Lubbock, Texas, and that one board member practices medicine part-time in Amarillo. *Id.* ¶ 11. But neither of these allegations is sufficient to establish that venue is proper in this Court.

In determining a party's "principal place of business" for venue purposes, courts have routinely relied on the Supreme Court's decision in *Hertz Corp. v. Friend,* 559 U.S. 77 (2010), which established that a corporation's "principal place of business" for purposes of determining diversity jurisdiction is its "nerve center"—*i.e.,* where its "officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93; *see also, e.g., Rare Breed Triggers, LLC v. Garland,* --- F. Supp. 3d ---, 2022 WL 17175089, at *4 (D.N.D. Nov. 4, 2022) (noting that "[s]everal Courts have applied *Hertz*

7

to determine 'principal place of business' for purposes of" venue); *Las Americas Immigr. Advoc. Ctr. v. Trump*, 475 F. Supp. 3d 1194, 1202 (D. Or. 2020); *RAJMP, Inc. v. United States*, No. 18-cv-3045, 2019 WL 2613304, at *2 & n.4 (D. Colo. May 9, 2019). As the Court explained in *Hertz*, a corporation's principal place of business will "normally be the place where the corporation maintains its headquarters—*provided* that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." 559 U.S. at 93 (emphasis added). The Coalition's bare allegation that its "headquarters" are located in Amarillo is therefore insufficient to establish that its "principal place of business" is located in this District. *See, e.g., One Diamond Electronics, In. v. Yahoo!, Inc.*, No. 06-cv-879, 2007 WL 9702701, at *2 (W.D. Tex. Feb. 12, 2007); *Dowie v. Osburn*, 815 F. Supp. 2d 1051, 1053 (S.D. Iowa 2011); *Lindenberg v. Arrayit Corp.*, No. 13-cv-2515, 2013 WL 5178950, at *2 (D.N.J. Sept. 13, 2013); *Cox v. H & R Block, Inc.*, No. 3:13-cv-1101, 2013 WL 1826426, at *2 (M.D. Penn. Apr. 30, 2013); *Kile v. Progressive Ins. Corp.*, No. 3:12-cv-218, 2012 WL 441173, at *2 (M.D. Penn. Feb. 10, 2012). Nor is it material in determining the location of the Coalition's "nerve center" that it has board members who work in the medical field within this District. The Coalition has thus failed to allege any facts to support a finding that venue is proper in this Court.

Moreover, though the Coalition's allegations are facially insufficient to establish venue, courts notably have refused to blindly accept bare allegations regarding the location of a party's principal place of business when the record indicates the possibility of forum manipulation. Indeed, the Supreme Court in *Hertz* instructed lower courts that, "if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." 559 U.S. at 97. Accordingly, in evaluating a party's allegations regarding venue, courts have considered

8

whether a corporation's alleged connection to a judicial district is "recent, ephemeral, [or] a construct for litigation" that "exist[s] for no other purpose than to manipulate venue." *In re Microsoft Corp.*, 630 F.3d 1361, 1364–65 (Fed. Cir. 2011); *accord, e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (finding that the plaintiff's ties to the forum "appear[ed] to be recent, ephemeral, and an artifact of litigation"); *eRoad Ltd. v. PerDiemCo LLC*, No. 6:19-cv-26, 2019 WL 10303654, at *5 (W.D. Tex. Sept. 19, 2019); *Eidos Display, LLC v. AU Optronics Corp.*, No. 6:11-cv-201, 2011 WL 13098296, at *3–4 (E.D. Tex. Dec. 2011) (relying on *Hertz*, *In re Microsoft*, and *In re Zimmer Holdings* in noting that a court must "carefully" consider and apply these decisions in assessing whether a party's ties to a forum are "ephemeral" and reflect "attempts to 'manipulate venue'"); *Sonix Tech. Co., Ltd v. Vtech Electronics N.A., LLC*, No. 6:10-cv-68, 2010 WL 5139502, at *3 n.1 (E.D. Tex. Dec. 9, 2010); *Uviado, LLC ex rel. Khan v. United States ex rel. IRS*, 755 F. Supp. 2d 767, 786–87 (S.D. Tex. 2010).

Here, the Coalition admits that it was created "for the sole purpose of obtaining" the agency records whose disclosure it seeks to compel through this FOIA case. *See* Compl. ¶ 8. And according to public information on the Texas Comptroller of Public Accounts' website, the Freedom Coalition of Doctors for Choice appears to be newly created, with its "Effective [Secretary of State] Registration Date" listed as January 26, 2023—two weeks after the filing of this lawsuit. *See* Tex. Comptroller of Pub. Accounts, *Taxable Entity Search*, https://mycpa.cpa.state.tx.us/coa/search.do (enter "32088148757" in the "Tax ID" search bar and click the "Search" button; on the next page, click the "Details" button). Moreover, it is not apparent from the complaint whether the Coalition has any staff or conducts any of its operations at its alleged "headquarters"—"600 S Tyler St, Suite 2100 #177, Amarillo, TX 79101." *See* Compl. ¶ 11; *see also, e.g.*, *eRoad Ltd.*, 2019 WL 10303654 ("Its only contact with Texas outside of its formation is the leased office in Marshall, TX. The Court does not consider the Marshall office for the purpose of effecting venue."); *In re Microsoft Corp.*, 630 F.3d at 1364–65 ("[S]imilar to [the] offices here, the offices in *Zimmer* staffed no employees, were recent, ephemeral,

9

and a construct for litigation and appeared to exist for no other purpose than to manipulate venue." (citing *In re Zimmer Holdings*, 609 F.3d at 1381)).

Accordingly, if this Court does not dismiss this case for lack of subject-matter jurisdiction, it should dismiss the case for improper venue.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or, alternatively, under Federal Rule of Civil Procedure 12(b)(3) for improper venue.

Dated: February 21, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Mont. Bar No. 55816869
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 598-9280
Email: jody.d.lowenstein@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On February 21, 2023, I electronically submitted this document to the Clerk of Court for the U.S. District Court for the Northern District of Texas using the Court's electronic case filing system. I certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Jody D. Lowenstein*
JODY D. LOWENSTEIN
Trial Attorney
United States Department of Justice